IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIRMAMAD ALIDODOV | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J. L. JAMISON, Warden, FDC Philadelphia | : | |
| in his official capacity, ET AL. | : | NO. 26-2021 |

## ORDER

**AND NOW**, this 7th day of April, 2026, upon consideration of Petitioner Amirmamad Alidodov's "Emergency Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" (Docket No. 1), "Emergency Application for Temporary Restraining Order, Order to Show Cause, and Preliminary Injunction" (Docket No. 2), and the Government's "Opposition to Petition for Writ of Habeas Corpus" (Docket No. 3), **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**.[1]

---

[1]Amirmamad Alidodov is a national of Tajikistan and Russia.    (Pet. ¶ 15.)  He applied for admission to the United States at or near Hidalgo, Texas on March 12, 2023, was deemed inadmissible by the Department of Homeland Security, and was released with a Notice to Appear. (Opp. at 4.)  On November 27, 2024, the USCIS accepted his Form I-589 Application for Asylum and Withholding of Removal.  (Pet. ¶¶ 2, 16; see Pet. Ex. A.)  In written pleadings that his attorney filed in his asylum case on September 10, 2025, he indicated that "he seeks asylum, withholding of removal, and protection under the Convention Against Torture based on fear of persecution tied to ethnicity, religion, and political opinion."  (Pet. ¶¶ 2, 15.)  Alidodov followed all requirements related to his application for relief.  (Id. ¶ 20.)  He presently lives in Philadelphia, Pennsylvania with his two minor children.  (See Pet. Ex. A; Pet. Ex. B at 2-3, 6, 8-9, 12 of 15.)  There is no indication that he has any criminal history.  On March 23, 2026, Alidodov was taken into custody when he appeared for a routine check-in with ICE in Philadelphia, Pennsylvania.  (Pet. ¶ 19.)

Alidodov challenges the lawfulness of his detention on statutory grounds and as a matter of due process. The Government opposes the Petition.  It argues, just as it has argued in a whole host of similar cases in this District, that we should deny the Petition because (1) Alidodov is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (2) his detention does not violate due process.  "As courts in this District and across the country have repeatedly held in hundreds of recent cases, these arguments are unavailing."  Benitez Villa v. JL Jamison, Civ. A. No. 26-1926,

2. Alidodov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and is instead subject to detention, if at all, pursuant to the provisions of 8 U.S.C. § 1226.

3. The Government shall immediately **RELEASE** Alidodov from custody.

4. The Government shall certify compliance with Paragraph 3 of this Order by filing, no later than noon on Friday, April 10, 2026, a certification of Alidodov's custody status.

5. If the Government chooses to pursue re-detention of Alidodov pursuant to § 1226(a), it must afford him a bond hearing before a neutral immigration judge as that provision requires.

6. Alidodov's "Emergency Application for Temporary Restraining Order, Order to Show Cause, and Preliminary Injunction" ("Emergency Application") (Docket No. 2) is

---

2026 WL 907582, at *2 (E.D. Pa. Apr. 2, 2026); see also Alekseev v. Warden, Phila. Fed. Detention Ctr., Civ. A. No. 26-462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (stating that by February 13, 2026 "every member of this Court ha[d] repeatedly rejected the Government's interpretation of the INA . . . [in] 201 decisions, all granting 'undocumented immigrants' habeas relief").

Significantly, the Government acknowledges that "all courts in this district (and many more elsewhere)" have rejected its position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (Opp. at 6.) We previously analyzed this issue in our Memorandum Opinion in Hurtado v. Jamison, Civ. A. No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025). We ultimately concluded in Hurtado that it is unlawful to subject noncitizens who have been residing in this country without incident to mandatory detention under § 1225(b)(2). 2025 WL 3678432, at *5-6. We will not repeat our Hurtado analysis here. We do note "that divided panels of the Fifth and Eighth Circuits found the Government's interpretation of § 1225 to be correct." See Benitez Villa, 2026 WL 907582, at *3 (discussing Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, --- F.4th ---, 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026)). "These opinions are not binding authority," id., and we do not find their reasoning persuasive for the reasons set forth in Vimos v. Federal Detention Center Philadelphia, Civ. A. No. 26-780, 2026 WL 381173, at *5 n.12 (Feb. 11, 2026) (discussing Buenrostro-Mendez, 166 F.4th at 502-08)).

Relying on our decision in Hurtado and the plethora of other comprehensive and well-reasoned opinions in this District that have rejected the Government's arguments, see, e.g., Kashranov. v. Jamison, Civ. A. No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); Ndiaye v. Jamison, Civ. A. No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); Ibarra v. Warden of Fed. Det. Ctr. Phila., Civ. A. No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); Alekseev, 2026 WL 413439; and Benitez Villa, 2026 WL 819258, we grant the instant Petition.

**DISMISSED AS MOOT**.[2]

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

_____

[2]The Emergency Application asks us to preserve the status quo while we consider the instant Petition for Writ of Habeas Corpus.  As we have granted the Petition, the Emergency Application is moot.